# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE WEEKS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:16-CV-84 |
| | : | |
| CYNTHIA LINK, | : | (Judge Brann) |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### October 29, 2018

## I. BACKGROUND

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Jermaine Weeks during his confinement at the State Correctional Institution, Graterford, Pennsylvania. Mr. Weeks is presently residing in Philadelphia, Pennsylvania. Service of the petition was previously ordered.

On August 12, 2009, police in Williamsport, Pennsylvania responded to a report of shots fired. Upon arriving at the scene they found eight (8) spent shell casings at two locations within the same area. An interview was conducted with Ms. Shuler, who was one of the reporting witnesses. Ms. Shuler stated that she and Mr. Weeks had been arguing in her apartment and during this exchange, he displayed a pistol. Within a few seconds after Mr. Weeks left her residence, Ms. Shuler heard gunshots just outside her door and saw gun flashes through her

window. Moments later she heard additional gunfire.

Another witness told police that a few seconds after hearing gunfire, he saw a man matching Mr. Weeks' description get into a car and leave the area near Ms. Shuler's apartment. This witness added that he saw no other vehicular or pedestrian traffic in the area. Based upon those statements and Mr. Weeks' criminal history, police prepared an affidavit of probable cause for the purpose of seeking the issuance of a warrant to search his residence and vehicle. Following the approval of and execution of a search warrant at Mr. Weeks' residence, a .22 caliber rifle (in two pieces) and cartridges were discovered by law enforcement officials. Mr. Weeks was found in another apartment within the same building.

Mr. Weeks was arrested and charged with two (2) counts of possession of a firearm by a prohibited person. Following a preliminary hearing in the Court of Common Pleas of Lycoming County, Pennsylvania, one of those charges (presumably for possession of a pistol) was dismissed. The remaining charge relating to the discovery of the rifle was allowed to proceed to trial.

Petitioner's trial counsel filed a motion to suppress the discovery of the rifle on the grounds that police entered the Weeks' residence before the search warrant was signed. The motion also argued that police violated the scope of the search warrant because they entered the premises at nighttime.

The trial court conducted a hearing on the motion to suppress, which was denied on February 3, 2010. Following a jury trial, Petitioner was convicted of the remaining charge on October 19, 2010. Following a lunch break during trial, Mr. Weeks failed to return to court and was not present for the remainder of his trial. As a result, a bench warrant was issued for his arrest. After being apprehended, Mr. Weeks was sentenced on March 8, 2011 to a five (5) to ten (10) year term of imprisonment.

Petitioner's conviction and sentence were affirmed by the Superior Court of Pennsylvania on May 25, 2012, following a direct appeal. A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on November 22, 2013. According to Petitioner, his direct appeal asserted claims that the evidence was insufficient to support his conviction and that the trial court erred by denying his motion to suppress. *See* Doc. 1, ¶ 9.

On March 5, 2014, Weeks filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). *See* 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Petitioner describes his PCRA action as raising a claim of ineffective assistance of trial counsel for failure to move for suppression of evidence. *See id.* at ¶ 11. After the filing of an amended petition, the trial court issued an Order denying relief on September 26, 2014. Following an appeal, the Superior Court affirmed the denial of PCRA relief on May 18, 2015. No further appeal was taken.

The Petitioner advances three grounds for review in this Court. Ground One of Mr. Weeks' pending action claims entitlement to federal habeas corpus relief on the basis that trial counsel provided ineffective assistance by failing to protect his Fourth Amendment right to be free from an illegal search and seizure. *See id.* at ¶ 12. He elaborates that the affidavit of probable cause underlying the request for a search warrant was based upon the testimony of Ms. Shuler, a witness who was both under the influence and subsequently recanted her statement that she saw Petitioner in possession of a pistol. Petitioner has provided an affidavit from Ms. Shuler, dated February 12, 2014, in which she partially recants her prior statement. *See* Doc. 2-1, p. 5.

In a related argument (Ground Two), Mr. Weeks asserts that trial counsel's performance was professionally deficient for failure to suppress evidence seized in a search of his residence as being fruit of the poisonous tree. He adds that both Grounds One and Two were raised in his PCRA action.

Ground Three alleges that Petitioner was subjected to an illegal search and seizure in violation of his rights under the Fourth Amendment. Mr. Weeks has also filed a motion to amend his petition to include an argument that trial counsel failed to properly litigate the suppression motion. *See* Doc. 18. Mr. Weeks' motion to amend will be granted and his related ineffective assistance claim that trial counsel's litigation of the suppression motion was deficient will be duly considered.

Respondent argues that Petitioner is not entitled to federal habeas corpus relief because he failed to exhaust his state court remedies with respect to many of his arguments and they are now procedurally defaulted. It is also asserted that Mr. Weeks' pending arguments are meritless.

## II. DISCUSSION

### A. Fourth Amendment

As noted above, Ground Three alleges that Mr. Weeks was subjected to an illegal search and seizure in violation of his rights under the Fourth Amendment. Federal habeas corpus review is generally not available to consider the correctness of a state court evidentiary ruling. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001); *Lupkovich v. Cathel*, Civil No. 04-5399, 2006 WL 3313975, at *4 (D. N.J., Nov. 14, 2006). Evidentiary rulings are matters of state law, and are not within the province of a

federal habeas corpus court.  *See King v. Kerestes*, Civil No. 09-1749, 2009 WL 5178805, at *3 (E.D. Pa., Dec. 21, 2009).  It is only where an evidentiary ruling "so infuse[s] the trial with unfairness as to deny due process of law," *Lisenba v. People*, 314 U.S. 219, 228 (1941), that federal habeas corpus review may exist.

Courts have routinely recognized that "... a state prisoner may not be granted federal habeas corpus relief on the ground that evidence seized in an unconstitutional search or seizure was introduced at his trial," if the state has already provided an "opportunity for full and fair litigation" of his Fourth Amendment claim.  *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994).  *Stone* precludes a habeas petitioner from raising a Fourth Amendment claim if he has been afforded a full and fair opportunity to litigate that claim in state court.  *Gilmore v. Marks*, 799 F.2d 51, 54 (3d Cir. 1986).

The undisputed record in this matter as summarized above clearly demonstrates that Mr. Weeks was afforded a full and fair opportunity to litigate any Fourth Amendment claims in state court.  As evidenced by the record, Petitioner pursued a counseled pre-trial motion to suppress the evidence obtained in the challenged search.  The Petitioner also pursued a direct appeal which in part attacked the legality of the search, together with a PCRA action which included his pending Fourth Amendment claim.  Furthermore, a challenge to the trial court's

evidentiary ruling denying Mr. Weeks' motion to suppress is clearly a question of state evidentiary law, not cognizable under § 2254.

Mr. Weeks is not entitled to federal habeas corpus relief with respect to any Fourth Amendment claim. The request for federal habeas corpus relief will therefore be denied with respect to Ground Three of the petition. This determination does not, however, preclude consideration of a claim that trial counsel was ineffective for failing to pursue a Fourth Amendment defense. *See Kimmelman v. Morrison*, 477 U. S. 365 (1986).

B.     **Procedural Default**

Respondent states that following his conviction, Mr. Weeks filed an unsuccessful direct appeal which argued that the evidence was insufficient to support the finding of guilt and that the trial court erred by denying the motion to suppress. *See* Doc. 14, p. 5. Mr. Weeks subsequently filed a PCRA appeal which asserted that the search warrant was obtained based upon an affidavit of probable cause which failed to establish a nexus between the crime and his residence. *See id.* at p. 6.

The Respondent argues that the claim that trial counsel was ineffective for failing to pursue an argument that the search warrant was issued without probable cause because Ms. Shuler later recanted her statement was not included in either the direct appeal, Petitioner's amended PCRA petition, or his subsequent appeal.

As such, Respondent concludes that Petitioner's claim has been procedurally defaulted and is therefore subject to dismissal.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a state court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's

established appellate review process.'" *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court of the United States in *O'Sullivan* explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. The Supreme Court added that in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, a federal district court must not only consider whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies (i.e., whether he has fairly presented his claims to the state courts). *See id.* at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The

exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans*, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Toulson v. Beyer*, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindle*, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

The Pennsylvania Superior Court in addressing Petitioner's direct appeal noted that only two issues were raised that the evidence was insufficient to support the conviction and that the motion to suppress was improperly denied. *See* Doc. 14-1, p. 49. The motion to suppress related argument was described by the Superior Court as consisting of a claim that the search was initiated prior to the

approval of the search warrant.  Neither of those arguments is presently pending before this Court.  Moreover, Mr. Weeks' claim related to the unreliability of Ms. Shuler's statement was not included in the direct appeal.

The Superior Court's PCRA decision (Doc. 14-1, p. 106) described the issue for appeal as a claim that trial counsel was ineffective for failing to move for the suppression of the firearm on the grounds that police did not have probable cause to search Mr. Weeks' residence.  *See id.* at p. 109.  The argument is described as a contention that a nexus between the crime and Petitioner's residence was not established.  *See id.* at p. 110.  The Superior Court's PCRA decision did address the contention that the affidavit of probable cause relied upon false information provided by a witness.  *See id.* at p. 115.  It found that said claim was waived because it was not raised in Petitioner's PCRA appellate brief.

However, the Superior Court further stated that "the PCRA court correctly found the warrant was supported by probable cause even without Ms. Shuler's statement that Appellant has a gun." *Id*. at p. 115, n. 4.  Given that determination, the Superior Court arguably addressed the merits of the Petition's Ground One claim that the affidavit of probable cause was improperly based on Ms. Shuler's recanted statement.  Since Petitioner's failure to show a nexus between the crime and Petitioner's residence was also considered, the substance of the Ground One and Two claims were considered by the Superior Court and therefore exhausted.

*See* Doc. 14, p. 3. Respondent's request for dismissal on the basis of procedural default will therefore be denied.

    **C.    Standard of Review**

Respondent further argues that even if Petitioner's failure to exhaust should be excused, there is no basis for federal habeas corpus relief. A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. *See Presser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Specifically, when a federal law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). *See generally, Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. *Williams v.*

*Taylor*, 529 U.S. 362, 404-405 (2000). As explained in *Bell*, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. Title 28 U.S.C. § 2254(e) (1).

In sum, the appropriate inquiry for a federal district court in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. *See Keller v. Larkins*, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); *Martini v. Hendricks*, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a

§ 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. *See* Title 28 U.S.C. § 2254(e)(1).

### D. Ineffective Assistance

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687; *accord Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). In *Deputy,* the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. *Id.* at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Jermyn,* 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d

Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. *See Burger v. Kemp*, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and demonstrates prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted). A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. *See Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

At the time of Petitioner's state court proceedings, *Strickland*'s familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing Mr. Weeks' present ineffective assistance claims, the Pennsylvania state courts applied essentially the same two-prong test for ineffective assistance articulated in *Strickland*.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims. It is, in substance, identical to the *Strickland* test. *See, e.g., Commonwealth v. Pierce*, 527 A.2d 973, 975-77 (Pa. 1987). Furthermore, the Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d Cir. 2005); *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of *Strickland* or were based on an unreasonable determination of the facts. *Jacobs*, 395 F.3d at 107 n.9; *Werts*, 228 F.3d at 204.

This is not a case where trial counsel made no attempt whatsoever to suppress the discovery of the firearm. *See Premo v. Moore*, 562 U.S. 115 (2011). Rather, a motion to suppress was filed and Mr. Weeks asserts only that additional suppression arguments should have been made.

As discussed by the Superior Court's PCRA decision, the affidavit of probable cause established that Ms. Shuler told the investigating law enforcement officers that she saw Petitioner with a firearm and immediately after he left her residence she heard gunshots. Further, there was an additional witness who stated that he saw a person fitting Mr. Weeks' description leaving the same area after the shots were fired at a time when there were no other vehicles or pedestrians present in the area.

The Superior Court concluded that based upon that evidence together with the fact that Petitioner's prior criminal history qualified him as being a person who was prohibited from possessing a firearm, a nexus between the crime and Mr. Weeks' residence could be found. A brief period of time (four hours) had lapsed between the shooting and the execution of the search warrant.

Moreover, the Superior Court concluded that even if Ms. Shuler's statement that she saw Mr. Weeks with a pistol was discounted, the remainder of her statement (hearing shots right outside her house a few seconds after Petitioner left the residence) as well as the statement of another witness provided sufficient

probable cause for the issuance of the warrant.

Given the undisputed circumstances of this case, this Court agrees that the state courts' determinations that regardless of Ms. Shuler's subsequent partial recant, sufficient probable cause existed for the issuance of the search warrant and that its issuance was not contrary to, or an unreasonable application of, federal law.

Since the Pennsylvania state courts reasonably determined that a motion to suppress based upon Ms. Shuler's partial recanted statement would have been fruitless, trial counsel's failure to pursue such an argument cannot be deemed deficient. *See United States v. Serrano*, 798 F. Supp.2d 634, 642 (E.D. Pa. 2011)(counsel is not deficient for failing to seek suppression if competent counsel could conclude that a motion to suppress would fail on the merits or be futile). It is also noted that the affidavit of Ms. Shuler relied upon by the Petitioner is dated February 12, 2014. The motion to suppress filed by trial counsel was denied on February 3, 2010. Trial was held during October 2010. Counsel's performance cannot be deemed deficient for failing to seek relief based upon a witness affidavit which had not yet been written.

## III     CONCLUSION

Based upon the above considerations, Petitioner's argument under the Fourth Amendment is not a proper basis for federal habeas corpus relief. Counsel's failure to seek suppression of evidence seized under a properly executed

search warrant was not deficient where a motion to suppress was filed; a pre-trial or argument at trial to suppress could not be pursued based upon an affidavit which partially recanted Ms. Shuler statement not made until after trial; and the state courts made a reasonable post-trial determination that there was still probable cause for the issuance of the search warrant despite the partially recanted witness statement. Consequently the petition for writ of habeas corpus will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge